United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL STEINOCHER,<br>Plaintiff,<br>v.<br>LUIS GARNICA,<br>Defendant. | Case No. 26-cv-07657-JSC<br><br>**ORDER TO SHOW CAUSE** |

**INTRODUCTION**

Petitioner, a prisoner of the State of California proceeding without attorney representation, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction. He has paid the filing fee. Because the petition states cognizable grounds for federal habeas relief, a response from Respondent is warranted. Petitioner is also GRANTED an extension of time in which to file an application to proceed in forma pauperis ("IFP") or pay the filing fee.

**BACKGROUND**

In 1998, Petitioner was convicted in Sonoma County Superior Court following a guilty plea to charges of murder, burglary, robbery, and arson. (ECF No. 1 at 2.) The trial court sentenced him to a term of life in prison without the possibility of parole. (*Id.*) The petition does not indicate whether he appealed his conviction or sentence, or whether he has filed any prior habeas petitions in state or federal court.

**DISCUSSION**

I. Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It

United States District Court
Northern District of California

shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II. Legal Claims

Petitioner makes the following claims: (1) the prosecutor "failed to prove the temporal relationship between the murder and the underlying felony;" (2) he received ineffective assistance of counsel; (3) there was insufficient evidence to support a conviction for first-degree murder with special circumstances; and (4) his sentence exceeds that authorized by state law. (ECF No. 1 at 2-3.) When liberally construed, the petition presents cognizable grounds for federal habeas relief.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The clerk shall serve by mail a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on Petitioner, on or before **January 25, 2027,** an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse (a reply) with the Court and serving it on Respondent on or before **February 22, 2027**.

3. Respondent may, on or before **January 25, 2027**, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition on or before **February 22, 2027,** and Respondent shall file with the Court and serve on Petitioner a reply on or

United States District Court
Northern District of California

before **March 8, 2027.**

4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October 23, 2026

JACQUELINE SCOTT CORLEY
United States District Judge